UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,<br><br>        Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM,<br><br>        Respondent. | No. 1:19-cv-01369-LJO-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST**<br><br>**[Doc. 9]**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on September 30, 2019, challenging his 2017 conviction in Fresno County Superior Court for receiving a stolen vehicle. On December 3, 2019, Respondent filed a motion to dismiss the petition as wholly unexhausted. On December 27, 2019, Petitioner filed an opposition to the motion. Because the petition is unexhausted, the Court will recommend that Respondent's motion to dismiss be GRANTED.

**DISCUSSION**

A.    <u>Procedural History</u>

On January 4, 2017, Petitioner was convicted in the Fresno County Superior Court of receiving a stolen vehicle (Cal. Penal Code § 496d(a)). (Doc. 10-1 at 1.) He was sentenced to a

1

term of six years in state prison. (Doc. 10-1 at 1.)

Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). (Doc. 10-2.) He raised one claim on appeal: The trial court abused its discretion when it denied his motion to strike the prior felony conviction allegation pursuant to People v. Superior Court (Romero), 13 Cal.4th 497 (1996). (Doc. 10-2.) On August 20, 2018, the Fifth DCA affirmed the judgment. (Doc. 10-2.)

Petitioner submitted a number of documents to the Fifth DCA following its issuance of the opinion. He submitted a petition for rehearing on September 4, 2018. (Doc. 10-5 at 3.) The document was marked received but was not filed, and the Fifth DCA did not rule on it. (Doc. 10-5 at 3.) He submitted a letter on October 2, 2018, raising a claim of ineffective assistance of counsel. (Doc. 10-5 at 3.) The Fifth DCA advised Petitioner that its opinion was final as of September 17, 2018, and the court lacked jurisdiction to reconsider the decision. (Doc. 10-5 at 3.) Petitioner was advised that to the extent he wished to raise new issues such as ineffective assistance of counsel, he must do so by way of a petition for writ of habeas corpus. (Doc. 10-5 at 3.)

On September 27, 2018, Petitioner filed a *pro per* petition for review in the California Supreme Court. (Doc. 10-3.) He raised the following four claims for relief: 1) Petitioner's confession was obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1996); 2) The trial court should have reduced his crime to a misdemeanor "wobbler" offense because the fair market value of the vehicle was $300; 3) There was insufficient evidence that Petitioner was in possession of the stolen property; and 4) Detective Harrel committed perjury. (Doc. 10-3.) As noted by Respondent, the petition for review raised new claims and did not raise the one issue raised in the Fifth DCA.

B.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

1    In this case, Petitioner did not properly present his federal claims in the Fifth DCA.  It

2    appears he attempted to do so in a petition for rehearing after the opinion was issued, but the

3    document was not filed, the opinion became final, and Petitioner was advised to pursue habeas

4    relief because the appellate court lacked jurisdiction.  Petitioner raised the claims in a petition for

5    review in the California Supreme Court, but they were not properly raised and therefore not

6    exhausted.  As stated by the Supreme Court, in order to exhaust a federal claim, a petitioner

7    "must 'fairly present' his claim in each appropriate state court," including the intermediary court

8    of appeal.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  Therefore, raising a federal claim for the

9    first time in an application for discretionary review to the state's highest court is insufficient for

10   exhaustion purposes.  Casey v. Moore, 386 F.3d 896, 918 (9th Cir. 2004.)

11   Because Petitioner has not properly presented his claims for federal relief in the state

12   courts, the Court will recommend dismissal of the petition for failure to exhaust state remedies.

13   Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481

14   (9th Cir. 2001).  Although dismissal is not necessarily required, the Court does not find good

15   cause to grant a stay.  See Mena v. Long, 813 F.3d 907 (9th Cir. 2016).  When Petitioner

16   attempted to present his claims to the Fifth DCA, he was advised of the correct procedure, which

17   was to file a petition for writ of habeas corpus.  Petitioner has not followed the appellate court's

18   directives.

19   **RECOMMENDATION**

20   Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss

21   the petition be GRANTED and the petition be DISMISSED WITHOUT PREJUDICE for failure

22   to exhaust.

23   This Findings and Recommendation is submitted to the United States District Court Judge

24   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

25   of the Local Rules of Practice for the United States District Court, Eastern District of California.

26   Within twenty-one days after being served with a copy, Petitioner may file written objections

27   with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

28   and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28

U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**January 13, 2020**__         ___/s/ *Sheila K. Oberto*___
                                                                                                        UNITED STATES MAGISTRATE JUDGE