UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM,<br><br>Respondent. | No. 1:19-cv-01369-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Doc. Nos. 9, 14) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 13, 2020, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the petition, due to petitioner's failure to first exhaust his claims by presenting them to the state's highest court, be granted. (Doc. Nos. 9, 13.) The findings and recommendations were served upon all parties and contained notice that any objections were to be filed within twenty-one (21) days from the date of service of that order. To date, no party has filed objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendation is supported by the record and proper analysis.

1

Petitioner was convicted in Fresno County Superior Court for receiving a stolen vehicle in violation of California Penal Code § 496d(a). (Doc. No. 10-1 at 1.) He was sentenced to a term of six years in state prison. (*Id*.) Petitioner raised one claim on direct appeal: that the trial court abused its discretion when it denied his motion to strike his prior felony conviction allegation pursuant to *People v. Superior Court* (Romero), 13 Cal. 4th 497 (1996). (Doc. No. 10-2.) On August 20, 2018, the California Court of Appeal for the Fifth Appellate District, affirmed the judgment. (*Id.*) Petitioner submitted a letter to the state appellate court on October 2, 2018, asserting ineffective assistance of counsel. (Doc. No. 10-5 at 3.) The state appellate court declined to file the letter and instead indicated to petitioner that, because its opinion had become final on September 17, 2018, it lacked jurisdiction to reconsider that decision or consider the issue raised in his letter. (*Id.*) The state appellate court further advised petitioner that to the extent he wished to raise new issues such as ineffective assistance of counsel, he must do so by way of a petition for writ of habeas corpus. (*Id*.)

On September 27, 2018, petitioner filed a pro per petition for review in the California Supreme Court, raising four claims for relief: (1) petitioner's confession was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1996); (2) the trial court should have reduced his crime to a misdemeanor "wobbler" offense because the fair market value of the vehicle in question was $300; (3) there was insufficient evidence that petitioner was in possession of the stolen property; and (4) one of the law enforcement witnesses at his trial (Detective Harrel) committed perjury. (Doc. No. 10-3.) The petition for review did not raise any claim based upon alleged ineffective assistance of counsel. (*See id*.)

In his application for relief pursuant to 28 U.S.C. § 2254 pending before this court, filed September 30, 2019, petitioner raises the following claims: (1) his *Miranda* rights were violated; (2) his conviction should have been treated as a "wobbler" because the fair market value of the stolen property was $300; (3) trial counsel was ineffective for failing to argue petitioner was not in possession of the stolen vehicle; and (4) trial counsel was ineffective for not admitting into evidence the federal sentencing report that showed petitioner was a self-employed "community auto mechanic." (Doc. No. 1.)

2

With respect to the first two claims, there can be no dispute that those claims were raised for the first time in an application for discretionary review to the state's highest court. This normally is insufficient for exhaustion purposes. *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) ("Because we conclude that Casey raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them.")

With respect to the second two claims, which both implicate whether effective representation was provided by his trial counsel, those claims were not fairly presented to the California Court of Appeal because they were raised only within a letter sent by petitioner to that court after its decision on direct appeal had become final. Petitioner was advised to pursue other forms of relief with respect to those new allegations but failed to do so. Moreover, petitioner failed to present the highest state court with any opportunity to consider his ineffective assistance of counsel claim, rendering exhaustion of that claim insufficient/incomplete. *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995) (requiring a state's highest court be given an opportunity to review constitutional claims even when that court's review is discretionary), *overruled on other grounds by McMonagle v. Meyer*, 802 F.3d 1093 (9th Cir. 2015). In sum, the findings and recommendations are correct and will be adopted in full.

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a § 2254 petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds no basis for issuance of a certificate of appealability. Reasonable jurists would not find the court's determination as to application of the exhaustion

requirement debatable, wrong, or deserving of encouragement to proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations, filed January 13, 2020 (Doc. No. 14), are ADOPTED IN FULL;

2. Respondent's motion to dismiss (Doc. No. 9) is GRANTED;

3. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE;

4. The court DECLINES to issue a certificate of appealability, and

5. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to ENTER JUDGMENT AND CLOSE THE CASE.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **February 15, 2020**

UNITED STATES DISTRICT JUDGE